# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GBEKE MICHAEL AWALA, | : | |
| Petitioner | : | |
| | : | CIVIL NO. 4:09-CV-2462 |
| v. | : | (Judge McClure) |
| MARY SABOL | : | |
| Respondent | : | |

---

| | | |
|---|---|---|
| GBEKE MICHAEL AWALA, | : | |
| Petitioner | : | |
| | : | CIVIL NO. 4:10-CV-0638 |
| v. | : | (Judge McClure) |
| UNITED STATES ATTORNEY GENERAL, *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

June 10, 2010

Petitioner Gbeke Michael Awala, a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who is confined at the York County Prison in York, Pennsylvania, has filed multiple petitions for writ of habeas corpus under the provisions of 28 U.S.C. § 2241 in several courts. The two actions referenced above,

which were initiated by nearly identical petitions, are the remaining actions in this Court and are disposed of below.

## I. PROCEDURAL BACKGROUND

### A. *Awala v. Sabol*, Civil No. 4:09-CV-2462

Awala filed the petition for writ of habeas corpus in the above action in this Court on December 17, 2009. Although the petition is not a model of clarity, Awala appears, at least in part, to be challenging the lawfulness of his detention pending his removal from the United States to Nigeria, as evidenced by the fact that he filed a motion to order his immediate release (Rec. Doc. No. 6) after initiating the action. Accordingly, by Order dated February 17, 2010, we directed Respondent to answer the petition within twenty-one (21) days. (*See* Rec. Doc. No. 7.) On March 10, 2010, a response (Rec. Doc. No. 9) and supporting exhibits (Rec. Doc. No. 9-2) were filed. Awala filed a reply brief on March 16, 2010.[1] (Rec. Doc. No. 10.) Accordingly, the petition is fully briefed and ripe for review.

---

[1] Awala filed additional documents after the petition became ripe raising objections to the response to the petition and seeking to re-open the Immigration Court's prior order of removal. (*See* Rec. Doc. Nos. 12, 13.) Inasmuch as Awala did not seek leave to supplement the record in this case, and thus no further filings were permitted after the petition became ripe upon his filing of a reply brief, we did not consider these additional documents in disposing of the instant petition.

2

**B.**     *Awala v. Attorney General of the United States, et al.,* **Civil No. 4:09-CV-2501**

On December 18, 2009, one day after Awala's petition was filed at Civil No. 4:09-CV-2462, a second action filed by Awala was opened in this Court pursuant to a December 16, 2009 Order entered by the Clerk of Court for the Third Circuit Court of Appeals. (*See Awala v. Attorney General of the United States, et al.,* Civil No. 4:09-CV-2501.) In initiating his action in the Third Circuit, Awala did not file an actual petition for writ of habeas corpus, but filed solely an application to proceed *in forma pauperis* in which he stated that he sought a writ of habeas corpus from the Court of Appeals. (*See id.*, Rec. Doc. No. 1.) However, Awala did file a habeas petition in the action opened in this Court on December 17. Therefore, by Order dated January 5, 2010, the action that had been transferred from the Third Circuit was consolidated into the action that had been filed in this Court on December 17. (*See Awala v. Sabol,* Civil No. 4:09-CV-2462, Rec. Doc. No. 3.)

**C.**     *Awala v. Immigration Judge, et al.*, **Civil No. 4:10-CV-0498**
         *Awala v. United States Attorney General, et al.,* **Civil No. 4:10-CV-0638**

Awala also filed petitions in other courts that were identical or nearly identical to the petition that already was pending in this Court at Civil No. 4:09-CV-2462, and that were transferred to this Court because Awala is confined in this District. The

3

first of these actions, *Awala v. Immigration Judge, et al.*, Civil No. 4:10-CV-0498, was opened in this Court on March 4, 2010 pursuant to a January 27, 2010 Order entered by the United States District Court for the Middle District of Florida directing the transfer of the action. Because the petition transferred from the Middle District of Florida was identical to the petition in the instant action, the Clerk of Court was directed to close the case. (*See Awala v. Immigration Judge, et al.*, Civil No. 4:10-CV-0498, Rec. Doc. No. 8.)

The second action is one of the remaining actions referenced in the caption above. This action was transferred to this Court and opened on March 23, 2010 pursuant to a March 16, 2010 Order entered by the United States District Court for the Southern District of New York. (*See Awala v. United States Attorney General, et al.,* Civil No. 4:10-CV-0638.) Awala initiated his case in the Southern District of New York by filing a petition nearly identical to the petition that already was pending in this Court. (*See id.*, Rec. Doc. No. 1.) The petition, which was dated December 30, 2009, and thus was prepared shortly after Awala filed his other remaining petition in this Court on December 17, is identical to the other remaining petition in its form and substance, but for the inclusion of additional argument. Because the arguments do not relate to the lawfulness of Awala's detention during removal proceedings, but rather challenge his removal itself, as observed in the Discussion section, *infra*, they

4

are not properly raised through a habeas petition in any event. Accordingly, to the extent the petition challenges his detention pending removal, in light of our determination that the other remaining petition should be denied, we will deny the petition that was transferred here from the Southern District of New York as moot.

## II. FACTUAL BACKGROUND

Awala is a native and citizen of Nigeria who originally entered the United States on an unknown date and at an unknown place. (*See* Rec. Doc. No. 9-2 at 3, Record of Deportable/Inadmissible Alien.) His criminal and arrest records date back to 1996 when Awala was arrested in Yonkers, New York, for the offense of Falsified/Altered Records. (*See id.* at 4.) On October 21, 1997, Awala was convicted in the United States District Court for the Southern District of New York for the offense of Conspiracy to Commit Bank, Mail, and Credit Fraud in violation of 18 U.S.C. § 371. (*See id.*) He was sentenced to a term of imprisonment of eighteen (18) months. (*See id.*)

On November 17, 1997, Awala was convicted in the New York State Superior Court Westchester County for the offense of Forgery (Second Degree) and Criminal Possession of a Forged Instrument. (*See id.*) He was sentenced to a term of imprisonment of one (1) to three (3) years. (*See id.*)

On June 16, 1999, ICE issued a Notice to Appear charging Awala with being

deportable under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii), because he was convicted of an aggravated felony as defined in section 101(a)(43)(M) and (U), 8 U.S.C. § 1101(a)(43)(M) and (U). (*See* Rec. Doc. No. 9-2 at 7-9, Notice to Appear.) On September 20, 1999, an Immigration Judge entered an order directing that Awala be removed from the United States. (*See id.* at 10, Order of the Immigration Judge.) Awala waived his right to appeal at the time the order of removal was entered. (*See id.*)

On September 15, 1999, Awala filed an Inmate Request to Staff indicating that he had decided to withdraw his application for "Torture Convention" and requested that he be deported as quickly as possible. (*See id.* at 11, Inmate Request to Staff.) Prior to his removal, Awala made a sworn statement on September 24, 1999. (*See id.* at 14-16.) In that sworn statement, he stated that he was born in Lagos Nigeria. (*See id.* at 15.) Awala was removed from the United States on November 13, 1999. (*See id.* at 4, Record of Deportable/Inadmissible Alien.)

On or about July 18, 2004, Awala illegally re-entered the United States. (*See id.*) On August 12, 2004, Awala was encountered by the Delaware River and Bay Authority Police Department when they initiated a vehicle stop of Awala's truck. (*See id.*) On August 13, 2004, a detainer was lodged against Awala. (*See id.* at 17, Immigration Detainer.) A Notice of Intent to reinstate the prior order of removal

entered on September 21, 1999 was issued on August 23, 2004.  (*See id.* at 18, Notice of Intent/Decision to Reinstate Prior Order.)

On May 15, 2006, Awala was convicted in the United States District Court for the District of Delaware of Re-entry after Deportation Following a Conviction for an Aggravated Felony.  (*See id.* at 19, Judgment in a Criminal Case.)  He was sentenced to a term of imprisonment of fifty-one (51) months.  (*See id.* at 20.)

On November 26, 2008, Awala filed an I-589 Application for Asylum and for Withholding of Removal.  (*See id.* at 26, Record of Sworn Statement.)  On March 10, 2009, a one (1) week emergency travel certificate was issued for Awala to Nigeria.  (*See id.* at 25.)

On May 5, 2009, Awala gave a sworn statement to Allan Boffio, AO, Newark Asylum Officer.  (*See id.* at 26.)  On June 15, 2009, Mr. Boffio determined that Awala's testimony was "not credible in material respects" and found Awala had "failed to establish a reasonable fear of persecution or torture."  (*See id.* at 32-33, Reasonable Fear Determination.)  On the same date, Awala was served with a Notice of Referral to Immigration Judge.  (*See id.* at 37, Notice of Referral to IJ.)

On July 16, 2009, following a review of Awala's custody status, ICE issued a Decision to Continue Detention.  (*See id.* at 40, Decision to Continue Detention.)  In the Decision, the ICE Acting Field Office Director explained that continued detention

was warranted based upon Awala's failure to submit evidence to demonstrate that he would not pose a flight risk if released from custody; his criminal history; and his own statement made in front of ICE officers, that demonstrated he would pose a threat to society if released from custody. (*See id.*)

On December 10, 2009, and again on January 11, 2010, the Board of Immigration Appeals ("BIA") notified Awala that his appeal was rejected because it was not properly filed each time. (*See id.* at 41-43.) On January 22, 2010, Awala filed an interlocutory appeal with the BIA. (*See id.* at 44, BIA Acknowledgement.)

Following a Motion for Continuance filed by Awala's attorney, Megan Bremer, Esquire, Awala was served with a Notice of Hearing in Withholding Proceedings, which rescheduled his merits hearing for February 19, 2010. (*See id.* at 46, Notice of Hearing in Withholding Proceedings.)

On February 8, 2010, Attorney Bremer filed a Motion for Continuance of Awala's February 19 hearing in which she indicated that another detainee was willing to switch his hearing date of April 21, 2010 with Awala's date. (*See id.* at 47-50, Amended Motion for Continuance.)

In reviewing the record to prepare to dispose of the instant petition, the Court checked the Immigration Court Information System, provided by the Executive Office for Immigration Review ("EOIR") for information regarding the outcome of the April

21 hearing. While the System indicated that a proceeding took place in Immigration Court in Petitioner's case on April 21, 2010, it did not state what the outcome was. Accordingly, by Order dated May 27, we directed Respondent to notify the Court within fourteen (14) days as to the outcome of that proceeding. (*See* Rec. Doc. No. 14.) On June 3, 2010, Respondent filed a notice indicating that, on April 21, 2010, the Immigration Judge denied Awala's Application for Withholding of Removal under INA § 241(b)(3) and application for withholding of removal under the Convention Against Torture. (*See* Rec. Doc. No. 15.)

## III. DISCUSSION

In his petitions filed at the above-referenced docket numbers, Awala presents arguments for relief from removal itself. This Court cannot entertain those arguments.[2] Nevertheless, it appears that Awala recognized this fact inasmuch as he was pursuing an application for withholding of removal in the Immigration Court at the same time his petitions were pending in this Court.

To the extent Awala is challenging his detention pending his removal, his

---

[2] The REAL ID Act of 2005 provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the Act. 8 U.S.C. § 1252(a)(5). Accordingly, "the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal." *Kolkevich v. Attorney General of the United States*, 501 F.3d 323, 329 (3d Cir. 2007).

9

challenge is properly pursued in this Court. Because Awala previously was ordered removed from the United States, and therefore is subject to a reinstated order of removal, his detention is governed by the post-final order removal regulations. (*See* Rec. Doc. No. 9-2 at 40, Decision to Continue Detention.) Pursuant to section 241(a)(5) of the INA, 8 U.S.C. § 1231(a)(5), ICE may reinstate a prior order of removal against an alien who has illegally re-entered the United States. That statute provides as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after reentry.

8 U.S.C. § 1231(a)(5). ICE also has developed a regulation to be applied in this situation, which recently was summarized by the Third Circuit as follows:

> Under the regulation, the immigration officer is required to determine whether (1) the alien was subject to a prior order of removal; (2) the alien is the same person as the one named in the prior order and; (3) the alien unlawfully reentered the country.

*See Ponta-Garcia v. Attorney General of U.S.*, 557 F.3d 158, 163 (3d Cir. 2009) (citing 8 C.F.R. § 241.8(a)(1)-(3)). In *Ponta-Garcia*, the Third Circuit determined that an alien's due process rights were not violated by the provision within 8 C.F.R. § 241.8 allowing for an immigration officer, rather than an immigration judge, to

reinstate a prior order of removal where the alien had illegally reentered the United States. *See id.* In particular, the Court found that the regulation provides "more than just minimal procedural protections" and that there was "no constitutional concern" in light of the fact that this regulation only would apply to aliens who already had received the pre- and post- order protections that accompanied their prior orders of removal. *See id.*

In the instant case, Awala met each of the three requirements set forth in 8 C.F.R. § 241.8(a)(1) through (3) that allowed for the reinstatement of his prior order of removal. First, he was ordered removed from the United States on September 20, 1999. (*See* Rec. Doc. No. 9-2 at 10, Order of the Immigration Judge.) He subsequently was removed from the United States on November 13, 1999. (*See id.* at 4, Record of Deportable/Inadmissible Alien.)

Second, it is apparent that Awala is the same person who was named in the prior order of removal inasmuch as, at the time he was encountered by the Delaware River and Bay Authority Police Department on August 12, 2004, his name and date of birth were queried in the National Crime Information Center, and it was revealed that he was a previously deported felon. (*See id.* at 6.) Furthermore, Awala admitted during an interview with ICE officials that he previously was deported from the United States. (*See id.*)

11

Third, it is evident from Awala's own admission that he illegally re-entered the United States (*see id.*), as well as his conviction on May 15, 2006 for Re-entry after Deportation (*see id.* at 19, Judgment in a Criminal Case), that he unlawfully reentered the United States.

In *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006), the United States Supreme Court observed that, while the language in § 1231(a)(5) "generally forecloses discretionary relief from the terms of the reinstated order [of removal]," an alien still may seek withholding of removal under 1231(b)(3)(A)[3]. 548 U.S. at 35 & n.4. In the case at hand, Awala sought withholding from removal. However, his testimony was found not credible, and the Immigration Court ultimately denied his petition for withholding on April 21, 2010. (*See* Rec. Doc. No. 9-2 at 32-33; Rec. Doc. No. 15.) As of May 28, 2010, Awala had not filed an appeal to the BIA from the Immigration Court's decision. (*See* Rec. Doc. No. 15 at 2.) Accordingly, he may be removed at any time to Nigeria.

Moreover, Awala has not demonstrated that his continued detention pending removal violates due process. He has not shown that there is no significant likelihood

---

[3] Title 8 U.S.C. § 1231(b)(3)(A) provides, in relevant part, that, "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country, because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."

of his removal in the reasonably foreseeable future. To the contrary, Nigeria already has demonstrated cooperation as shown by its issuance of a travel document for Awala as recently as March 10, 2009. (*See* Rec. Doc. No. 9-2 at 25.) Further, Awala does not present any reason to suggest that ICE will not continue to review his detention under its post final order custody regulations, and the dismissal of the instant petition will not prevent Awala from requesting review by ICE if necessary under those regulations. *See* 8 C.F.R. § 241 *et seq.*

## IV. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be denied. In light of this disposition, Awala's "Motion to Order Immediate Release" (Rec. Doc. No. 6) will be denied as moot. In addition, Awala's petition that was transferred here from the Southern District of New York and docketed at Civil No. 4:10-CV-0638 will be denied as moot. An appropriate Order follows.

                                             s/ James F. McClure, Jr.
                                             JAMES F. McCLURE, JR.
                                             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GBEKE MICHAEL AWALA, :
:
    Petitioner :
: CIVIL NO. 4:09-CV-2462
:
v. : (Judge McClure)
:
:
MARY SABOL :
:
    Respondent :
-------------------------------------------------------------------------------------------
GBEKE MICHAEL AWALA, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-0638
:
v. : (Judge McClure)
:
UNITED STATES :
ATTORNEY GENERAL, *et al.*, :
:
    Respondents :

## **ORDER**

June 10, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus filed at Civil No. 4:09-CV-2462 (Rec. Doc. No. 1) is **DENIED**.

2. Petitioner's motion for immediate release filed at Civil No. 4:09-CV-2462 (Rec. Doc. No. 6) is **DENIED** as moot.

3. The petition for writ of habeas corpus filed at Civil No. 4:10-CV-0638 (Rec. Doc. No. 1) is **DENIED** as moot.

4. The Clerk of Court is directed to **CLOSE** the actions filed at Civil No. 4:09-CV-2462 and Civil No. 4:10-CV-0638.

                                                      s/ James F. McClure, Jr.
                                                      JAMES F. McCLURE, JR.
                                                      United States District Judge